**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Johnson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tara Diaz, et al.,<br><br>　　　　　Defendants. | No. CV-15-00670-PHX-MTL<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motions in Limine No. 1 (Doc. 183) and No. 2 (Doc. 184). The Court heard oral argument on October 25, 2019, and took the matters under advisement. (Doc. 196.) The Court now issues its rulings.

Plaintiff Richard Johnson is an Arizona state prisoner. Defendants Tara Diaz, Heather Pruett, and Jeff Rode are Arizona Department of Corrections ("ADOC") officials. On October 22, 2014, Defendants conducted a hearing and validated Plaintiff as a member of the Warrior Society Security Threat Group ("STG"). Plaintiff alleges that Defendants violated his First Amendment Rights under the United States Constitution because they validated him as a member of the Warrior Society STG in Retaliation for him having previously submitted grievances concerning his cell conditions and other related matters. It is undisputed that Defendants' decision to validate Plaintiff as a member of the Warrior Society STG was based *solely* on information contained in the "Validation Packet," which detailed evidence that was collected between June 9, 2014 and August 1, 2014.

| | |
|---|---|
| 1 | In Plaintiff's Motion in Limine No. 1: Regarding Prior or Subsequent STG Validation Information, Plaintiff moves the Court (Doc. 183, at 1) to preclude Defendants "from introducing at trial evidence relating to Johnson's status as a Security Threat Group ("STG") member that was not contained in Johnson's Validation Packet…" Plaintiff argues that any gang-related or disciplinary infraction evidence that was not contained in the Validation Packet is irrelevant to whether Defendants had a retaliatory motive during the October 22, 2014 hearing. (Doc. 183, at 2.) Defendants respond that any gang-related or disciplinary infraction evidence that was not contained in the Validation Packet should be admissible to rebut the allegation by Plaintiff that Defendants were part of a larger conspiracy to retaliate against him for filing grievances. (Doc. 186, at 2.) More specifically, Defendants contend that evidence outside of what was contained in the Validation Packet will "refute any attempt to have the jury infer that [Plaintiff's] conspiracy theory is evidenced by his never having been involved in any prison gang activity." (*Id.*) At oral argument Defendants conceded, however, that any gang-related or disciplinary infraction evidence that was not contained in the Validation Packet should only be admissible as rebuttal evidence if appropriate, not in their cases in chief. |

At this juncture, without having heard Plaintiff's case in chief, the Court agrees that evidence of Plaintiff's gang-related activity or disciplinary infractions that was not contained in the Validation Packet is irrelevant to the question of whether Defendants validated Plaintiff in retaliation for filing grievances. As set forth below, it is ordered **granting** Plaintiff's Motion in Limine No. 1.

In Plaintiff's Motion in Limine No. 2: Regarding June 6, 2010 Incident, Plaintiff seeks (Doc. 184, at 1) to preclude Defendants from introducing evidence about his role in the June 6, 2010 murder of another inmate. Information about Plaintiff's role in the June 6, 2010 murder was not contained in the Validation Packet and Defendants did not consider it when validating Plaintiff as an STG member. Defendants agreed at oral argument that they would not introduce evidence about the homicide in their cases in

chief, and that any such evidence would only potentially be relevant as rebuttal evidence. As set forth below, it is therefore ordered **granting** Plaintiff's Motion in Limine No. 2.

For the foregoing reasons,

**IT IS ORDERED** granting Plaintiff's Motion in Limine No. 1 (Doc. 183). Defendants are precluded from mentioning in opening statements and from asking questions during Plaintiff's case in chief about Plaintiff's gang-related activity or disciplinary infractions that was not contained in the Validation Packet. Defendants are also precluded from presenting such evidence in their own cases in chief (and in Plaintiff's rebuttal case, if any) without moving the Court for reconsideration of this order. Defendants are not foreclosed from moving for reconsideration of this Order if warranted to rebut evidence presented by Plaintiff in his case in chief.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion in Limine No. 2, (Doc. 184). Defendants are precluded from mentioning in opening statements and from asking questions during Plaintiff's case in chief about Plaintiff's role in the June 6, 2010 murder. Defendants are also precluded from presenting such evidence in their own cases in chief (and in Plaintiff's rebuttal case, if any) without moving the Court for reconsideration of this order. Defendants are not foreclosed from moving for reconsideration of this Order if warranted to rebut evidence presented by Plaintiff in his case in chief.

Dated this October 28, 2019.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge